UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ADRIAN L. ANGERON** | **DOCKET NO. 6:22-cv-06009** |
| | **SECTION P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WARDEN** | **MAGISTRATE JUDGE WHITEHURST** |

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Adrian L. Angeron. Angeron is a pre-trial detainee, currently incarcerated at the St. Mary Parish Jail in Centerville, Louisiana. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

**I.    Background**

Angeron complains that he is being unlawfully detained on a "3rd DWI [he] received 5 yrs ago." Doc. 5, p. 2, ¶ 6. As the Court appreciates it, he is complaining that a previous DWI should no longer be on his record and if the state court would have "squashed" (id. at pp. 6-7) it, like he was told they had, he would not currently be detained. *Id*.

**II.    Law and Analysis**

A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. See *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceedings as brought under Section 2241); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Section 2241 gives the district

court authority to grant a writ of habeas corpus where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee must satisfy two requirements entitled to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241. First, the petitioner must be in custody. 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224. Second, the petitioner must have exhausted his available state remedies. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Saucier v. Warden*, 47 F.3d 426, 1995 WL 71331, at *1 (5th Cir. 1995) (unpublished) (court cannot reach merits of petition seeking pretrial federal habeas unless state habeas remedies have been exhausted).

A fundamental prerequisite to federal habeas corpus relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Picard v. Conner*, 404 U.S. 270, 275 (1971). The exhaustion requirement reflects federal-state comity concerns. *Id*. The district court may raise the exhaustion requirement *sua sponte. McGee v. Estelle*, 722 F.2d 1206, 1208 (5th Cir. 1984) (en banc). The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993).

"It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts." *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990). "If the petitioner did not fairly present the substance of his claims to the state courts ... the petition must be dismissed ... so that the state courts may have a fair opportunity to determine" the claims. *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "This exhaustion rule requires the dismissal of any habeas petition that contains claims not yet raised in available state court

proceedings, even if such claims are mixed with exhausted ones." *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995).

Angeron admits he has not exhausted his state court remedies regarding the issues raised in his petition. Rec. Doc. 1, p. 2. The undersigned will recommend his petition be dismissed without prejudice to refiling should he exhaust his available state court remedies.

### III. Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of January, 2023.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**